IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| GUILHERME KRAUS, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ENHANCED SPIRITS LLC<br>d/b/a TROPICAL LIQUEURS<br>and BILLY THOMPSON,<br><br>    Defendants. | **Case No.:** 4:25-cv-1273 |

**CLASS & COLLECTIVE ACTION COMPLAINT ALLEGING VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND MISSOURI MINIMUM WAGE LAW**

Plaintiff Guilherme Kraus, by and through his attorneys, Consumer Attorneys PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants Enhanced Spirits LLC d/b/a Tropical Liqueurs (hereinafter "Enhanced" or the "Corporate Defendant") and Billy Thompson (hereinafter "Thompson" or the Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") and respectfully alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for its violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.*, and the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500 – 290.530 (hereinafter the "MMWL").

2. During the period relevant to this action, on or about November 16, 2023 through the date of Plaintiff's involuntary resignation on or about March 2024, Defendants carried out an

unlawful payroll policy and practice by failing to pay Plaintiff for all worked hours including overtime compensation as required by federal law.

3. During the relevant period, Defendants retaliated against Plaintiff because of his complaints concerning wages since he was paid $7.00 per hour when all other Defendants' employees earned at least or more than the minimum wage, for which Plaintiff seeks to recover damages.

4. Plaintiff has initiated this action to recover unpaid wages he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, emotional distress damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt bartender duties for the benefit of Defendants in Missouri including within the city of Saint Louis.

9. At all times relevant, Defendants are covered as an enterprise under the FLSA because they generated at least $500,000.00 in revenue and engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

10. Plaintiff falls within the protections of the FLSA, and is covered as an individual under the FLSA because he used bartending tools and liquors that moved in interstate commerce.

## PARTIES

11. Plaintiff is an adult individual who is and was a resident of the City of St. Louis within the State of Missouri.

12. Plaintiff was employed by Defendants in the State of Missouri during the period of about November 16, 2023 through March 2024.

13. The Corporate Defendant is a business entity formed under the laws of Missouri with a primary office located at 4104 Manchester Avenue, St. Louis, Missouri.

14. Defendant Thompson is an individual corporate officer of Defendant Enhanced Spirits LLC d/b/a Tropical Liqueurs exercising sufficient direction and control over its business.

15. At all times relevant, Defendant Thompson had and exercised the power to hire and fire the Plaintiff, as well as set schedules, wages, and the terms and conditions of Plaintiff's employment.

16. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Missouri at 4104 Manchester Ave, Saint Louis, Missouri.

## STATEMENT OF FACTS

17. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all hours worked he worked for every workweek.

18. Plaintiff began working with Defendants as a bartender in or around November 16, 2023.

19. During the relevant period, Defendants typically paid Plaintiff every fifteen (15) days of work an amount based on a forty (40) hour work week at a rate of seven dollars ($7.00) per hour, totaling $280.00 per week.

20. During his first week as an employee of Defendants, Plaintiff was informed that the timekeeping system was broken and Defendants told him that they will do manual coding for his hours worked.

21. Although hired as a bartender, Plaintiff had always been in charge of cleaning the Defendants' premises, including the bathrooms, collecting trash all by himself, tidying up tables and setting out plates, glasses, and other utensils.

22. As an example of the high number of hours he worked, in or around December 2024, Plaintiff, after working exhaustively until 2:00 AM in the morning and being sick, respectfully requested a break from work, but said request was outright denied and instead, Plaintiff was directed to finish cleaning.

23. Plaintiff responded to Defendants that he cannot be responsible for cleaning the entire bar, including the bathrooms, and restocking all the drinks.

24. Defendants, being irate with Plaintiff's reply, started treating Plaintiff rudely and crudely, and since then, gave him the nickname "chorume" which means *trash juice* in Portuguese.

25. In or around January 2024, Plaintiff discovered that his pay was lower than that of his co-workers who performed the same role as him.

26. Specifically, Plaintiff learned that he was being paid $7.00 per hour while his colleagues were earning substantially more for their hourly rate.

27. When Plaintiff asked Defendants why he is being paid with lower salary despite performing similar tasks with that of his co-workers, Defendants simply ignored Plaintiff's query.

28. In or about February 2024, Plaintiff tested the timekeeping system which turn out to be working perfectly and found out that all his working hours were computed as much less than those he actually worked.

29. In or about March 2024, Plaintiff complained to Defendants concerning his wages, asked for the correct payment for his hours worked, and informed Defendants that Plaintiff will serve his two (2) weeks' notice should they refuse to pay him his lawfully earned wages.

30. During the aforementioned period, in retaliation, Plaintiff was not compensated by Defendants for his remaining time worked.

31. In or around May 2024, Plaintiff, after having difficulty finding a new job, sent a message to Defendants asking if he could put one of them as a reference but the same was vehemently denied, evidencing further retaliation.

32. At all times relevant, Defendants had actual knowledge that they were obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

33. Upon information and belief, Plaintiff regularly complained about inaccurate compensation when he learned that he is being paid less than that of his co-workers despite the fact they are performing similar work.

34. Plaintiff was constructively discharged from his position with Defendants after around twenty (20) weeks of not receiving proper compensation for his hours worked and having his complaints concerning same fall on deaf ears, as no reasonable person would continue to work after two (2) weeks of not being paid anything for their work.

35. At all times during his employment for Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

5

36. Upon information and belief, Plaintiff would not have been forced to leave his position if he were properly compensated for his regular hours worked.

37. Upon information and belief, Defendants at all times relevant period willfully failed to keep accurate payroll records as required by the FLSA.

38. As a result of Defendants' violation and failure to pay proper wages, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours in compliance with the FLSA.

39. Moreover, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his hours work and determine if he was being paid time-and-a-half for hours worked in excess of forty (40) hours per week in accordance with the FLSA.

40. Further, Defendants retaliated against Plaintiff by reason of his complaints concerning wages.

41. After Plaintiff made his complaint, Defendants decided to ignore him, leading to the constructive discharge of the Plaintiff in March 2024.

42. As a result of these violations, Plaintiff respectfully seeks compensatory damages, liquidated damages, emotional distress damages, punitive damages, and other statutory damages in an amount to be determined at trial.

43. Plaintiff also respectfully seeks interest (pre-judgment and post-judgment), attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

44. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and all other similarly situated employees as follows:

>All current and former hourly employees of Defendants who worked at least one workweek during the three years preceding the filing of this Complaint to its final resolution who were paid for forty (40) or more hours of work in any workweek and/or were not paid at least the minimum wage for all hours worked (the "FLSA Collective" or "FLSA Collective Members").

45. Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid minimum wages and/or overtime compensation.

46. During all relevant times, Defendants did not compensate Plaintiff and the FLSA Collective Members for all unpaid minimum wages and/or overtime compensation earned.

47. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages and/or overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

48. The identities of the putative FLSA Collective Members are known to Defendants and readily identifiable through Defendants' records.

49. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure ("Rules" or "Rule") on behalf of himself and all other current or former persons employed by Defendants in Missouri within the last three (3) years ("Missouri Class") defined as:

>**All current and former hourly employees of Defendants in Missouri who worked at least one workweek during the three (3) years preceding the filing of this Complaint to its final resolution who were paid for forty (40) or more hours of work in any workweek and/or were not paid at least the minimum wage for all hours worked.**

7

51. The Missouri Class is so numerous that joinder of all class members is impracticable.

52. Plaintiff is unable to state the exact size of the potential Missouri Class but, upon information and belief, avers that it consists of at least forty (40) people.

53. There are questions of law or fact common to the Missouri Class including whether Defendants failed to pay their employees for all earned overtime.

54. Plaintiff will adequately protect the interests of the Missouri Class. His interests are not antagonistic to but, rather, are in unison with the interests of the Missouri Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Missouri Class in this case.

55. The questions of law or fact that are common to the Missouri Class predominate over any questions affecting only individual members.

56. The primary questions that will determine Defendants' liability to the Missouri Class are common to the class and predominate over any questions affecting only individual class members.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

58. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.

59. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

60. Certification of this case pursuant to Rule 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### COUNT I
### RECOVERY OF WAGES
### PURSUANT TO THE FLSA AND THE MMWL

61. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

62. Plaintiff is entitled to at least the minimum wage for each of his regular hours worked each work week.

63. Defendants knowingly and willfully failed to pay Plaintiff for all hours that he worked by paying him $7.00 per hour of work, resulting in a minimum wage violation.

64. The minimum wage in 2023 was $12.00 per hour, and the minimum wage in 2024 was $12.30 per hour.

65. As a result, Plaintiff is entitled to an additional $5.00 per hour worked in 2023 and an additional $5.30 per hour worked in 2024.

66. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

67. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

68. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

69. As a result of Defendants' unlawful acts, Plaintiff had been deprived of the difference between the actual wage received ($7.00) and the minimum wage ($12.00 in 2023 and

9

$12.30 in 2024) and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT II
## FLSA RETALIATION
## 29 U.S.C. § 215

70. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

71. Plaintiff, in all respects, was performing his job in a manner that was consistent with Defendants' legitimate business expectations.

72. After weeks of enduring difficult working conditions for minimal pay, Plaintiff complained to Defendants the fact that he was being paid less than the statutory minimum wage.

73. Notwithstanding Plaintiff's complaint, Defendants continued paying him $7.00 per hour without any increase in his pay and in blatant disregard of the prevailing minimum rate of wage under the MMWL.

74. Plaintiff demanded to be paid for at least the minimum wage for the regular hours worked but said claim was outrightly denied by the Defendants and in turn, Defendants reduced Plaintiff's working hours and stopped paying him altogether thereby forcing him to quit.

75. Plaintiff suffered an adverse employment action when he was constructively terminated.

76. Defendants' conduct constitutes retaliation in violation of the FLSA, 29 U.S.C. § 215.

77. As a direct and proximate result of Defendants' wrongful acts and omissions in disregard of Plaintiff's rights, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages and lost wages.

78. Similarly, Plaintiff is entitled to attorneys' fees and costs, and other damages as recoverable by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA and MMWL in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs;

B. Declare that the actions of Defendants constituted unlawful discrimination and retaliation under the FLSA;

C. Against the Defendants compensatory damages in such amount as will reasonable compensate Plaintiff for his pain and emotional distress, humiliation and degradation as a result of Defendant's violation of the FLSA and MMWL;

D. Against the Defendants for punitive damages as the Court may deem appropriate;

E. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

F. Such other injunctive and equitable relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted this 25th day of August 2025.

>/s/ Meir Rubinov
>Meir Rubinov, Bar #6077887NY
>CONSUMER ATTORNEYS PLLC
>68-29 Main Street
>Flushing NY 11367
>T: 718-640-8123
>F: (718) 715-1750
>E: mrubinov@consumerattorneys.com
>
>Emanuel Kataev, Esq.
>*Pro Hac Vice Motion Forthcoming*
>SAGE LEGAL LLC
>18211 Jamaica Avenue
>Jamaica, NY 11423-2327
>T: (718) 412-2421 (office)
>T: (917) 807-7819 (cellular)
>F: (718) 489-4155
>E: emanuel@sagelegal.nyc
>
>*Attorneys for Plaintiff*
>*Guilherme Kraus and*
>*all others similarly situated*