**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**ST. LOUIS DIVISION**

| | | |
|---|---|---|
| GUILHERME KRAUS, on behalf of himself and all others similarly situated | ) | |
| Plaintiffs, | ) | **Case No.:** 4:25-cv-1273-JSD |
| vs. | ) | |
| ENHANCED SPIRITS LLC d/b/a TROPICAL LIQUEURS and BILLY THOMPSON, | ) | |
| Defendants. | ) | |

**DEFENDANTS ANSWER TO CLASS & COLLECTIVE ACTION COMPLAINT ALLEGING VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND MISSOURI MINIMUM WAGE LAW**

COMES NOW Defendants Enhanced Spirits LLC d/b/a Tropical Liqueurs and Billy Thompson (collectively "Defendants"), by and through undersigned counsel, and in Answer to Plaintiff's Class & Collective Action Complaint Alleging Violations of the Fair Labor Standards Act and Missouri Minimum Wage Law, and state as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for its violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.*, and the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500 – 290.530 (hereinafter the "MMWL").

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

2. During the period relevant to this action, on or about November 16, 2023 through the date of Plaintiff's involuntary resignation on or about March 2024, Defendants

carried out an unlawful payroll policy and practice by failing to pay Plaintiff for all worked hours including overtime compensation as required by federal law.

**ANSWER: Defendants admit Plaintiff was an employee from November 2023 until March 2024. Defendants deny the remainder of the allegations contained in this Paragraph.**

3. During the relevant period, Defendants retaliated against Plaintiff because of his complaints concerning wages since he was paid $7.00 per hour when all other Defendants' employees earned at least or more than the minimum wage, for which Plaintiff seeks to recover damages.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

4. Plaintiff has initiated this action to recover unpaid wages he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, emotional distress damages, attorneys' fees, and costs.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

7. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

occurred in this district.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

8. At all times material hereto, Plaintiff performed non-exempt bartender duties for the benefit of Defendants in Missouri including within the city of Saint Louis.

**ANSWER: Defendants admit the allegations contained in this Paragraph.**

9. At all times relevant, Defendants are covered as an enterprise under the FLSA because they generated at least $500,000.00 in revenue and engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

10. Plaintiff falls within the protections of the FLSA, and is covered as an individual under the FLSA because he used bartending tools and liquors that moved in interstate commerce.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

## PARTIES

11. Plaintiff is an adult individual who is and was a resident of the City of St. Louis within the State of Missouri.

**ANSWER: Defendants have insufficient information to either admit or deny the allegations contained in this Paragraph and therefore denies the same.**

12. Plaintiff was employed by Defendants in the State of Missouri during the period of about November 16, 2023 through March 2024.

**ANSWER: Defendants admit the allegations contained in this Paragraph.**

13. The Corporate Defendant is a business entity formed under the laws of

Missouri with a primary office located at 4104 Manchester Avenue, St. Louis, Missouri.

**ANSWER: Defendants admit the allegations contained in this Paragraph.**

14. Defendant Thompson is an individual corporate officer of Defendant Enhanced Spirits LLC d/b/a Tropical Liqueurs exercising sufficient direction and control over its business.

**ANSWER: Defendants admit the allegations contained in this Paragraph.**

15. At all times relevant, Defendant Thompson had and exercised the power to hire and fire the Plaintiff, as well as set schedules, wages, and the terms and conditions of Plaintiff's employment.

**ANSWER: Defendants admit the allegations contained in this Paragraph.**

16. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Missouri at 4104 Manchester Ave, Saint Louis, Missouri.

**ANSWER: Defendants admit the allegations contained in this Paragraph.**

## STATEMENT OF FACTS

17. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all hours worked he worked for every workweek.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

18. Plaintiff began working with Defendants as a bartender in or around November 16, 2023.

**ANSWER: Defendants admit the allegations contained in this Paragraph.**

19. During the relevant period, Defendants typically paid Plaintiff every fifteen (15) days of work an amount based on a forty (40) hour work week at a rate of seven dollars

($7.00) per hour, totaling $280.00 per week.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

20. During his first week as an employee of Defendants, Plaintiff was informed that the timekeeping system was broken and Defendants told him that they will do manual coding for his hours worked.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

21. Although hired as a bartender, Plaintiff had always been in charge of cleaning the Defendants' premises, including the bathrooms, collecting trash all by himself, tidying up tables and setting out plates, glasses, and other utensils.

**ANSWER: Defendants admit Plaintiff was hired as a bartender and cleaning duties were a part of all bartender's duty. Defendant deny the remaining allegations contained in this Paragraph.**

22. As an example of the high number of hours he worked, in or around December 2024, Plaintiff, after working exhaustively until 2:00 AM in the morning and being sick, respectfully requested a break from work, but said request was outright denied and instead, Plaintiff was directed to finish cleaning.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

23. Plaintiff responded to Defendants that he cannot be responsible for cleaning the entire bar, including the bathrooms, and restocking all the drinks.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

24. Defendants, being irate with Plaintiff's reply, started treating Plaintiff rudely and crudely, and since then, gave him the nickname "chorume" which means *trash juice* in Portuguese.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

25. In or around January 2024, Plaintiff discovered that his pay was lower than that of his co-workers who performed the same role as him.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

26. Specifically, Plaintiff learned that he was being paid $7.00 per hour while his colleagues were earning substantially more for their hourly rate.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

27. When Plaintiff asked Defendants why he is being paid with lower salary despite performing similar tasks with that of his co-workers, Defendants simply ignored Plaintiff's query.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

28. In or about February 2024, Plaintiff tested the timekeeping system which turn out to be working perfectly and found out that all his working hours were computed as much less than those he actually worked.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

29. In or about March 2024, Plaintiff complained to Defendants concerning his wages, asked for the correct payment for his hours worked, and informed Defendants that Plaintiff will serve his two (2) weeks' notice should they refuse to pay him his lawfully earned wages.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

30. During the aforementioned period, in retaliation, Plaintiff was not compensated by Defendants for his remaining time worked.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

31. In or around May 2024, Plaintiff, after having difficulty finding a new job, sent a message to Defendants asking if he could put one of them as a reference but the same was

vehemently denied, evidencing further retaliation.

**ANSWER: Defendants admit Plaintiff sent a text message to Defendant Thompson to which Thompson responded that he was not sure he was a good reference since Plaintiff had left without notice and was not eligible to be rehired. Defendants deny the remaining allegations contained in this Paragraph.**

32. At all times relevant, Defendants had actual knowledge that they were obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

**ANSWER: Defendants admit the requirement for accurate employment time records and accordingly keep the same. Defendants deny the allegations contained in this Paragraph to the extent this Paragraph contains legal conclusions.**

33. Upon information and belief, Plaintiff regularly complained about inaccurate compensation when he learned that he is being paid less than that of his co-workers despite the fact they are performing similar work.

**ANSWER: Defendants admit they had several meetings with Plaintiff regarding his pay and the structure of pay for all similar employees. Defendants deny the remaining allegations contained in this Paragraph.**

34. Plaintiff was constructively discharged from his position with Defendants after around twenty (20) weeks of not receiving proper compensation for his hours worked and having his complaints concerning same fall on deaf ears, as no reasonable person would continue to work after two (2) weeks of not being paid anything for their work.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

35. At all times during his employment for Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

36. Upon information and belief, Plaintiff would not have been forced to leave his position if he were properly compensated for his regular hours worked.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

37. Upon information and belief, Defendants at all times relevant period willfully failed to keep accurate payroll records as required by the FLSA.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

38. As a result of Defendants' violation and failure to pay proper wages, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours in compliance with the FLSA.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

39. Moreover, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his hours work and determine if he was being paid time-and-a-half for hours worked in excess of forty (40) hours per week in accordance with the FLSA.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

40. Further, Defendants retaliated against Plaintiff by reason of his complaints concerning wages.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

41. After Plaintiff made his complaint, Defendants decided to ignore him, leading to the constructive discharge of the Plaintiff in March 2024.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

42. As a result of these violations, Plaintiff respectfully seeks compensatory

damages, liquidated damages, emotional distress damages, punitive damages, and other statutory damages in an amount to be determined at trial.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

43. Plaintiff also respectfully seeks interest (pre-judgment and post-judgment), attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

**FLSA COLLECTIVE ACTION ALLEGATIONS**

44. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and all other similarly situated employees as follows:

> All current and former hourly employees of Defendants who worked at least one workweek during the three years preceding the filing of this Complaint to its final resolution who were paid for forty (40) or more hours of work in any workweek and/or were not paid at least the minimum wage for all hours worked (the "FLSA Collective" or "FLSA Collective Members").

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

45. Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid minimum wages and/or overtime compensation.

**ANSWER: Defendants admit it has the same polices and/or practices for its employees but denies such polices and/or practices resulted in unpaid wages and/or overtime compensation. Defendants deny the remaining allegations contained in this Paragraph.**

46. During all relevant times, Defendants did not compensate Plaintiff and the FLSA Collective Members for all unpaid minimum wages and/or overtime compensation earned.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

47. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages and/or overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

48. The identities of the putative FLSA Collective Members are known to Defendants and readily identifiable through Defendants' records.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

49. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

**RULE 23 CLASS ACTION ALLEGATIONS**

59. Plaintiff brings this action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure ("Rules" or "Rule") on behalf of himself and all other current or former persons employed by Defendants in Missouri within the last three (3) years ("Missouri Class") defined as:

> **All current and former hourly employees of Defendants in Missouri who worked at least one workweek during the three (3) years preceding the filing of this Complaint to its final resolution who were paid for forty (40) or more hours of work in any workweek and/or were not paid at least the minimum wage for all hours worked.a**

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

51. The Missouri Class is so numerous that joinder of all class members is impracticable.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

52. Plaintiff is unable to state the exact size of the potential Missouri Class but, upon information and belief, avers that it consists of at least forty (40) people.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

53. There are questions of law or fact common to the Missouri Class including whether Defendants failed to pay their employees for all earned overtime.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

54. Plaintiff will adequately protect the interests of the Missouri Class. His interests are not antagonistic to but, rather, are in unison with the interests of the Missouri Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Missouri Class in this case.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

55. The questions of law or fact that are common to the Missouri Class predominate over any questions affecting only individual members.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

56. The primary questions that will determine Defendants' liability to the Missouri Class are common to the class and predominate over any questions affecting only individual class members.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

58. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on

court resources.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

59. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

60. Certification of this case pursuant to Rule 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

## CAUSES OF ACTION

### COUNT I
### RECOVERY OF WAGES
### PURSUANT TO THE FLSA AND THE MMWL

61. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

**ANSWER: Defendants repeat and re-alleges its admissions and denials to Paragraphs 1 through 60 above as and for its answer to Paragraph 61 of Count I of Plaintiff's Petition.**

62. Plaintiff is entitled to at least the minimum wage for each of his regular hours worked each work week.

**ANSWER: Plaintiff was a tipped employee and under Missouri law the minimum wage requirement is half the state minimum wage rate. Defendants therefore deny the allegations contained in this Paragraph.**

63. Defendants knowingly and willfully failed to pay Plaintiff for all hours that he worked by paying him $7.00 per hour of work, resulting in a minimum wage violation.

**ANSWER: Plaintiff was a tipped employee and under Missouri law the minimum wage requirement is half the state minimum wage rate. Defendants therefore deny the allegations contained in this Paragraph.**

64. The minimum wage in 2023 was $12.00 per hour, and the minimum wage in 2024 was $12.30 per hour.

**ANSWER: Plaintiff was a tipped employee and under Missouri law the minimum wage requirement is half the state minimum wage rate. Defendants therefore deny the stated rates apply and the allegations contained in this Paragraph.**

65. As a result, Plaintiff is entitled to an additional $5.00 per hour worked in 2023 and an additional $5.30 per hour worked in 2024.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

66. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

67. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

68. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

69. As a result of Defendants' unlawful acts, Plaintiff had been deprived of the difference between the actual wage received ($7.00) and the minimum wage ($12.00 in 2023 and $12.30 in 2024) and is entitled to recovery of such amounts, liquidated damages, attorneys'

fees, costs, and other compensation pursuant to the FLSA.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

**COUNT II**
**FLSA RETALIATION**
**29 U.S.C. § 215**

70. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

**ANSWER: Defendants repeat and re-alleges its admissions and denials to Paragraphs 1 through 69 above as and for its answer to Paragraph 70 of Count II of Plaintiff's Petition.**

71. Plaintiff, in all respects, was performing his job in a manner that was consistent with Defendants' legitimate business expectations.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

72. After weeks of enduring difficult working conditions for minimal pay, Plaintiff complained to Defendants the fact that he was being paid less than the statutory minimum wage.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

73. Notwithstanding Plaintiff's complaint, Defendants continued paying him $7.00 per hour without any increase in his pay and in blatant disregard of the prevailing minimum rate of wage under the MMWL.

**ANSWER: Plaintiff was a tipped employee and under Missouri law the minimum wage requirement is half the state minimum wage rate. Defendants therefore deny the stated rates apply and the allegations contained in this Paragraph.**

74. Plaintiff demanded to be paid for at least the minimum wage for the regular hours worked but said claim was outrightly denied by the Defendants and in turn, Defendants

reduced Plaintiff's working hours and stopped paying him altogether thereby forcing him to quit.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

75. Plaintiff suffered an adverse employment action when he was constructively terminated.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

76. Defendants' conduct constitutes retaliation in violation of the FLSA, 29 U.S.C. § 215.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

77. As a direct and proximate result of Defendants' wrongful acts and omissions in disregard of Plaintiff's rights, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages and lost wages.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

78. Similarly, Plaintiff is entitled to attorneys' fees and costs, and other damages as recoverable by law.

**ANSWER: Defendants deny the allegations contained in this Paragraph.**

WHEREFORE, defendant prays as follows:

1. That the Complaint be dismissed with prejudice and that plaintiffs and the proposed class take nothing thereby;

2. That the purported class not be certified;

3. That judgment be entered in favor of defendant and against plaintiff on all claims;

4. That defendant be awarded its attorneys' fees and costs incurred in defense of this action; and

5. For such other and further relief as the Court deems proper.

**DEFENDANT DEMANDS TRIAL BY JURY OF TWELVE (12).**

## AFFIRMATIVE DEFENSES

1. For further answer and defense, Defendants state that Plaintiff has failed to state a claim upon which relief may be granted.

2. For further answer and defense, Defendants state full compliance with the FLSA and Missouri wage and hour provisions.

3. For further answer and defense, Defendants state that Plaintiff, and any individuals he purports to represent, received and retained compensation in the form of gratuities and Defendants were therefore required to pay fifty percent of the minimum wage rate under § 290.512 R.S.Mo. Plaintiff's earned tips when combined with wages paid by Defendant always totaled at least minimum wage for each shift worked by Plaintiff.

4. For further answer and defense, Defendants state full compliance with federal tip credit provisions that allow employers to count tips toward minimum wage obligations. 29 USCS § 203. The employer properly applied tip credits in calculating minimum wage compliance, and it would be inconsistent for plaintiff to claim tips are not wages while simultaneously benefiting from tip income.

5. For further answer and defense, Defendants state that Plaintiff, and any individuals he purports to represent, is estopped from claiming unpaid minimum wages based on plaintiff's failure to accurately record hours worked.

6. For further answer and defense, Defendants state that Plaintiff, and any

individuals he purports to represent, cannot meet the burden of proving unpaid wages with sufficient specificity.

7. For further answer and defense, Defendants state Plaintiff's claims, and those of any individuals he purports to represent, are barred in whole, or in part, by the statute of limitations of the FLSA and/or Missouri law.

8. For further answer and defense, Defendants state Plaintiff, and any individuals he purports to represent, are not entitled to relief on the basis of the doctrines/defenses of laches, waiver, and/or estoppel.

9. For further answer and defense, Defendants state Plaintiff's claims, and those of any individuals he purports to represent, are barred in whole, or in part, by the statute of limitations of the FLSA and/or Missouri law.

10. For further answer and defense, Defendants state Plaintiff, and any individuals he purports to represent, are not entitled to relief on the basis of the doctrine of unclean hands.

11. For further answer and defense, Defendants state Plaintiff's damages, if any, and those of any individuals he purports to represent, were caused by Plaintiff's/the individuals' actions and/or inactions.

12. For further answer and defense, Defendants state Plaintiff's claims, and those of any individuals he purports to represent, are barred by accord and satisfaction, set-off, settlement, and/or payment and release.

13. For further answer and defense, Defendants state Plaintiff is not similarly situated to putative collective action individuals whom he purports to represent. Specifically, Plaintiff's allegations aver different treatment from similarly situated employees. Despite Defendants' denial of such treatment, the allegations made by Plaintiff are by their very nature

different from those of a putative class.

14. For further answer and defense, Defendants state that Defendants acted at all times in good faith in attempting to comply with the FLSA and/or Missouri law and, accordingly, liquidated damages are not available or warranted.

15. For further answer and defense, Defendants state that Plaintiff's claims, and those of any individuals he purports to represent, are barred because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

16. For further answer and defense, Defendants state that Defendants had reasonable grounds at all times to believe that its actions and decisions with respect to Plaintiff, and the individuals he purports to represent, complied with state and federal law.

17. For further answer and defense, Defendants state Plaintiff, and any individuals he purports to represent, are not entitled to recover their attorney fees and costs as requested in the Complaint.

18. Defendants hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

HEPLERBROOM LLC

By: /s/ Seth R. Feldman
Seth R. Feldman #74050MO
Charles N. Insler #58623MO
701 Market Street, Ste. 1400
St. Louis, MO 63101
Phone: 314-241-6160
Fax: 314-241-6116
seth.feldman@heplerbroom.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed on January 23, 2026, the foregoing with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to all attorneys of record.

*/s/ Seth R. Feldman*