**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**ST. LOUIS DIVISION**

GUILHERME KRAUS, on behalf of himself and all others similarly situated

Plaintiffs,

vs.

ENHANCED SPIRITS LLC d/b/a TROPICAL LIQUEURS and BILLY THOMPSON,

Defendants.

**Case No.:** 4:25-cv-1273 (MAL)

# JOINT PROPOSED SCHEDULING PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), the parties hereby submit their proposed scheduling plan for the Court's review and consideration.

**1. Track Assignment:** The Parties agree that this case should be assigned to Track 2, Standard Track.

**2. Joinder of Additional Parties or Amendment of Pleadings:** All motions to join additional parties or amend pleadings shall be made on or before **March 31, 2026**.

**3. Discovery Plan**:

**a. Any agreed-upon provisions for disclosure or discovery of electronically stored information.**

The parties do not anticipate that discovery will encompass significant amounts of electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent self-searches of all reasonably

accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable, and may require establishing further ESI protocols. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in native format. The parties both agree to redact from their ESI productions any individually identifiable medical or health-related information, the production of which may be governed or limited by federal or state statute, such as Rule 5.2.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Rule 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as they are located through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent

disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Rule 502(d) of the Federal Rules of Evidence ("FRE"). The parties agree that the standard Rule 502(b) of the FRE applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Rule 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**b. Any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;**

None at this time.

**c. A date or dates by which the parties will disclose information and exchange documents pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.**

The parties agree to exchange Rule 26(a)(1) disclosures on or before **March 13, 2026.**

**d. Whether discovery should be conducted in phases or limited to certain issues.**

The Parties agree that discovery should NOT be conducted in phases or limited to certain issues.

**e. Dates by which each party shall disclose its expert witnesses' identities and reports, and whether serial or simultaneous disclosure is appropriate in the case, as well as dates by which each party shall make its expert witnesses available for deposition.**

The parties do not anticipate utilizing expert testimony at this nascent stage of the case. Notwithstanding, the parties respectfully reserve the right to disclose experts in accordance with the Rules and/or any Orders this Court sets. The parties agree that if it is determined that expert discovery will be needed, they shall inform the Court promptly so that any modifications to the discovery schedule can be appropriately implemented.

**f. Whether the presumptive limits of 10 depositions per side—as set forth in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure—and 25 interrogatories per party—as set forth in Rule 33(a) of the Federal Rules of Civil Procedure—should apply in this case, and if not, the reasons for the variance from the rules.**

The parties agree to ten (10) depositions per side, and twenty-five (25) interrogatories per party should apply in this case.

**g. Whether any physical or mental examinations of parties will be requested pursuant to Rule 35 of the Federal Rules of Civil Procedure, and if so, by what date that request will be made and the date the examination will be completed.**

The parties do not anticipate noticing any physical or mental examinations at this nascent stage of the case. Notwithstanding, the parties respectfully reserve the right to do so in accordance with the Rules and/or any Orders this Court sets. Prior to making a request with the Court for any physical or mental examinations, the parties agree to meet and confer in order to, *inter alia*, set the parameters for any potential examination. Nothing contained herein shall limit

any party's right to object to conducting a physical or mental examination pursuant to Rules 26 and 35.

**h. A date by which all discovery will be completed (see applicable track range in paragraph 3 above);**

The parties agree that, pursuant to Track 2, fact discovery shall be completed by **August 31, 2026.** All discovery shall be completed by **September 30, 2026**.

**i. Any other matters pertinent to the completion of discovery in this case.**

The parties do not have any other matters pertinent to the completion of discovery to address.

**4. The parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive.**

The parties have engaged in early settlement discussions and will continue to do so throughout the course of litigation. The parties agree this action may be ripe for a referral to mediation after the exchange of initial disclosures and a response by Defendant to Plaintiff's settlement demand, which Plaintiff provided on October 9, 2025, so that the parties are better able to determine how far apart their respective positions are.

**5. Date for filing any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings (see applicable track range in section 1 above);**

The parties agree pursuant to Track 2, Dispositive Motions must be filed by **July 31, 2026.**

**6. The earliest date by which this case should reasonably be expected to be ready for trial (see applicable track range in section 1 above);**

The parties agree that this case is expected to be ready for trial by **September 30, 2026**.

**7. An estimate of the length of time expected to try the case to verdict;**

The parties expect Trial by Jury to last two to five (2-5) days.

**8. Any other matters counsel deem appropriate for inclusion in the joint proposed scheduling plan**.

Plaintiff anticipate requesting that the Court allow counsel for the Plaintiff to appear remotely at the case management conference on March 2, 2026 to the extent it will still proceed, as lead counsel for Plaintiff resides in Great Neck, New York outside of the state.

**9. Electronic Service**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Guilherme Kraus, on behalf of himself and all others similarly situated | Emanuel Kataev (emanuel@sagelegal.nyc)<br>Mia Kristensen (mkristensen@consumerattorneys.com)<br>Irina Iakovleva (iiakovleva@consumerattorneys.com)<br>Meir Rubinov (mrubinov@consumerattorneys.com) |
| Defendant Enhanced Spirits LLC d/b/a Tropical Liqueurs and Billy Thompson | Seth R. Feldman (seth.feldman@heplerbroom.com) |

.

Respectfully submitted this 23rd day of February, 2026.

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
*Admitted Pro Hac Vice*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155
emanuel@sagelegal.nyc

Meir Rubinov, Bar #6077887NY
CONSUMER ATTORNEYS PLLC
6829 Main Street
Flushing NY 11367-1305
(718) 640-8123 (office)
(718) 715-1750 (facsimile)
mrubinov@consumerattorneys.com

*Attorneys for Plaintiff*
*Guilherme Kraus and*
*all others similarly situated*

*By: /s/ Seth R. Feldman*
Seth R. Feldman #74050MO
Charles N. Insler #58623MO
HEPLERBROOM LLC
701 Market Street, Ste. 1400
St. Louis, MO 63101
Phone: 314-241-6160
Fax: 314-241-6116
seth.feldman@heplerbroom.com

*Attorneys for Defendants*