**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GUILHERME KRAUS, on behalf of himself and all others similarly situated,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 4:25-cv-1273 (MAL) (JSD) |
| **ENHANCED SPIRITS LLC d/b/a TROPICAL LIQUEURS and BILLY THOMPSON,** | ) | |
| Defendants. | ) | |

**JOINT PROPOSED SCHEDULING PLAN**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Local Rule 5.02 of the Local Rules of the United States District Court for the Eastern District of Missouri ("Local Rules" or "L.R."), and this Court's Order Setting Rule 16 Conference dated September 1, 2026 (ECF Docket Entry ("ECF") 27) (the "Rule 16 Order"), Plaintiff Guilherme Kraus ("Plaintiff") and Defendants Enhanced Spirits LLC d/b/a Tropical Liqueurs ("Enhanced Spirits") and Billy Thompson ("Thompson") (Enhanced Spirits and Thompson together, "Defendants") (Plaintiff and Defendants together, the "Parties") hereby submit their joint proposed scheduling plan for the Court's review and consideration in advance of the Rule 16 Scheduling Conference set for November 2, 2026 at 10:30 a.m. in chambers.

Counsel for the Parties met and conferred as required by Paragraph 2 of the Rule 16 Order on Monday, October 26, 2026 by videoconference. Emanuel Kataev, Esq. participated on behalf of Plaintiff, and Seth R. Feldman, Esq. participated on behalf of Defendants. Counsel discussed each of the topics set forth in Paragraph 2 of the Rule 16 Order, including the nature and basis of the Parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case,

the formulation of a discovery plan, the preservation of discoverable information, the disclosure and discovery of electronically stored information, and claims of privilege or of protection as trial-preparation material.

**(a) Whether the Track Assignment is appropriate.**

This case has been assigned to Track 2: Standard. The Parties agree that Track 2 is the appropriate track assignment for this case.

**(b) Dates for joinder of additional parties or amendment of pleadings.**

All motions for leave to join additional parties or to amend the pleadings shall be filed on or before **December 18, 2026**.

**(c) Discovery Plan.**

**(i) Any agreed-upon provisions for disclosure or discovery of electronically stored information.**

The parties do not anticipate that discovery will encompass significant amounts of electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent self-searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable, and may require establishing further ESI protocols. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in native format. The parties both agree to redact from their ESI productions any individually identifiable medical or health-related information, the production of which may be governed or limited by federal or state statute, such as Rule 5.2.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Rule 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as they are located through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Rule 502(d) of the Federal Rules of Evidence ("FRE"). The parties agree that the standard

Rule 502(b) of the FRE applies to resolve any dispute about the inadvertence of a production or disclosure.

**(ii) Any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production.**

The Parties agree pursuant to Rule 502(d) of the Federal Rules of Evidence ("FRE") that if a receiving Party believes that privileged or protected material may have been inadvertently disclosed or produced, said Party will advise the producing Party and proceed as required if such Party asserts inadvertent disclosure. The Parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The Parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any Party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The Parties agree that the standard of FRE 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

Pursuant to Rule 16(b)(3)(B)(iv) and Paragraph 2 of the Rule 16 Order, the Parties respectfully request that the Court include the foregoing agreement in its Case Management Order, and that it be treated as an Order pursuant to FRE 502(d).

The Parties anticipate that there will be a need for some discovery in this case, including payroll records and personal information of non-party employees, to be governed by a protective order. The Parties shall confer and then submit a jointly proposed protective order to the Court in the form of the Court's Model Civil Protective Order (MOED-0071), for which the Court may presume good cause under L.R. 3.01(C). Any proposed protective order will require that materials filed under seal comply with L.R. 13.05, and that any discovery-related disputes comply with the

procedures set forth in Requirement No. 7 of the undersigned's Judge's Requirements. If a proposed protective order departs from the Model Civil Protective Order, the Parties will explain the basis for the differences and provide a redlined copy. If the Parties disagree concerning the scope or form of a protective order, the Party or Parties seeking such an order shall file an appropriate motion and supporting memorandum.

**(iii) A date or dates by which the parties will disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1).**

The Parties agree to exchange the disclosures required by Rule 26(a)(1), including copies of the documents and ESI described in Rule 26(a)(1)(A)(ii) as required by L.R. 3.01(A), on or before **November 23, 2026**.

**(iv) Whether discovery should be conducted in phases or limited to certain issues.**

The parties agree that discovery should NOT be conducted in phases or limited to certain issues, and that discovery relevant to the collective and class allegations should proceed concurrently with discovery of Plaintiff's individual claims.

**(v) Dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case.**

The Parties do not presently anticipate utilizing expert testimony, but respectfully reserve the right to disclose experts in accordance with the Rules and the following schedule. The Parties agree that serial disclosure is appropriate in this case, as follows:

Plaintiff shall disclose all expert witnesses and provide the reports required by Rule 26(a)(2) no later than **February 12, 2027**, and shall make such experts available for deposition no later than **March 12, 2027**;

Defendants shall disclose all expert witnesses and provide the reports required by Rule 26(a)(2) no later than **March 26, 2027**, and shall make such experts available for deposition no later than **April 23, 2027**; and

Plaintiff shall disclose any rebuttal expert witnesses and reports no later than **May 7, 2027**, and shall make such experts available for deposition before the close of discovery on May 28, 2027.

**(vi) Whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules.**

The Parties agree that the presumptive limits of ten (10) depositions per side and twenty-five (25) interrogatories per party should apply in this case.

**(vii) Whether any physical or mental examinations of parties will be requested pursuant to Fed. R. Civ. P. 35, and if so, by what date that request will be made and the date the examination will be completed.**

The Parties do not anticipate requesting any physical or mental examinations at this time. Notwithstanding, the Parties respectfully reserve the right to do so in accordance with the Rules. Any request for an examination pursuant to Rule 35 shall be made no later than **March 12, 2027**, and any such examination shall be completed no later than **April 28, 2027**. Prior to making a request with the Court for any physical or mental examination, the Parties agree to meet and confer in order to, *inter alia*, set the parameters for any potential examination. Nothing contained herein shall limit any Party's right to object to a physical or mental examination pursuant to Rules 26 and 35.

**(viii) A date by which all discovery will be completed.**

The Parties agree that all discovery, fact and expert, shall be completed no later than **May 28, 2027**, which is 207 days after the November 2, 2026 Rule 16 Conference and within the Track 2 range set forth in Paragraph 3 of the Rule 16 Order.

**(ix) Any other matters pertinent to the completion of discovery in this case.**

The Parties do not presently have any other matters pertinent to the completion of discovery to address.

**(d) The parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive.**

The Parties have engaged in early settlement discussions and will continue to do so throughout the course of litigation. Plaintiff provided Defendants with a settlement demand on October 9, 2025. Defendants have respectfully rejected the demand. The Parties agree that this action is suitable for referral to mediation under L.R. 6.01–6.02, and that such a referral would be most productive after the exchange of Rule 26(a)(1) disclosures and responses to the Parties' initial written discovery, so that the Parties are better able to determine how far apart their respective positions are. The Parties therefore propose that the Court refer this action to mediation for the standard sixty (60) day period beginning on or about **February 1, 2027**, with mediation to be concluded no later than **April 2, 2027**. Plaintiff's counsel will coordinate the selection of a neutral with Defendants' counsel.

**(e) Dates for filing any motions to dismiss or motions for summary judgment.**

The Parties agree that any motions to dismiss, motions for judgment on the pleadings, or motions for summary judgment shall be filed no later than **June 25, 2027**, which is 235 days after the November 2, 2026 Rule 16 Conference and within the Track 2 range set forth in Paragraph 3

of the Rule 16 Order. Opposition and reply memoranda shall be filed within the times provided by L.R. 4.01.

**(f) The earliest date by which this case should reasonably be expected to be ready for trial.**

The Parties agree that this case should reasonably be expected to be ready for trial on or after **November 15, 2027**.

**(g) An estimate of the length of time expected to try the case to verdict.**

Both Plaintiff and Defendants have demanded a trial by jury. The Parties estimate that trial to verdict will last two to three (2–3) days if tried on Plaintiff's individual claims, and three to five (3–5) days if a collective or class is certified.

**(h) Any other matters counsel deem appropriate for inclusion in the joint proposed scheduling plan.**

Collective and class certification. Plaintiff proposes that any motion for conditional certification and court-authorized notice pursuant to 29 U.S.C. § 216(b) be filed no later than January 29, 2027, and that any motion for class certification pursuant to Rule 23 be filed no later than April 30, 2027.

Rule 16 Conference. Plaintiff's counsel will be filing a motion seeking to appear telephonically or remotely at (and, in the alternative or to the extent denied, to adjourn) the Rule 16 conference due to several engagements in New York the same day.

Electronic service. The Parties agree that, pursuant to Rules 5(b)(2)(E) and 6(d), any pleadings or other papers not filed through the Court's CM/ECF system (including discovery requests and responses) may be served by sending such documents by e-mail to the e-mail address(es) listed below (or any updated e-mail address provided to all counsel of record). The format to be used for attachments to any e-mail message shall be Microsoft Word (.doc or .docx) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending Party,

that Party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **E-mail Service Address(es)** |
|---|---|
| Plaintiff Guilherme Kraus, on behalf of himself and all others similarly situated | Emanuel Kataev, Esq. (emanuel@sagelegal.nyc)<br>Meir Rubinov, Esq.(mrubinov@consumerattorneys.com)<br>Alivia Cooney, Esq. (alivia@sagegal.nyc) |
| Defendants Enhanced Spirits LLC d/b/a Tropical Liqueurs and Billy Thompson | Seth R. Feldman (seth.feldman@heplerbroom.com)<br>Charles N. Insler (charles.insler@heplerbroom.com) |

Dated: October 26, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By: *<u>/s/ Emanuel Kataev</u>*
Emanuel Kataev, Esq.
Admitted *pro hac vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

**CONSUMER ATTORNEYS PLLC**

Meir Rubinov, Bar #6077887NY
68-29 Main Street
Flushing, NY 11367-1305
(718) 640-8123 (office)
(718) 715-1750 (facsimile)
mrubinov@consumerattorneys.com

*Attorneys for Plaintiff Guilherme Kraus, on behalf of himself and all others similarly situated*

**HEPLERBROOM LLC**

By: *<u>/s/ Seth R. Feldman</u>*
Seth R. Feldman, #74050MO
Charles N. Insler, #58623MO
701 Market Street, Suite 1400
St. Louis, MO 63101
Phone: (314) 241-6160
Fax: (314) 241-6116
seth.feldman@heplerbroom.com

*Attorneys for Defendants Enhanced Spirits LLC d/b/a Tropical Liqueurs and Billy Thompson*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.