**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GUILHERME KRAUS, on behalf of himself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-1273 (MAL) |
| | ) | |
| ENHANCED SPIRITS LLC d/b/a TROPICAL LIQUEURS and BILLY THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST UNOPPOSED MOTION TO CONTINUE THE NOVEMBER 2, 2026 RULE 16 SCHEDULING CONFERENCE OR, IN THE ALTERNATIVE, FOR LEAVE FOR PLAINTIFF'S COUNSEL TO APPEAR BY TELEPHONE OR VIDEOCONFERENCE**

Plaintiff Guilherme Kraus ("Plaintiff"), by and through undersigned counsel, respectfully moves the Court, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Local Rule 4.01(A), and the Court's Judge's Requirements, for an Order (i) continuing the Rule 16 Scheduling Conference presently set for Monday, November 2, 2026, at 10:30 a.m. Central Time in chambers (ECF Docket Entry ("ECF") 27 ¶ 1) to one of the alternative dates proposed below or another date convenient to the Court; or, in the alternative, (ii)

permitting Plaintiff's counsel to appear at the conference by telephone or videoconference, preferably at a time in the afternoon of November 2, 2026. This is Plaintiff's first request for this relief. In support, Plaintiff states as follows.

**Background**

Plaintiff commenced this action on August 25, 2025, asserting claims under the Fair Labor Standards Act and the Missouri Minimum Wage Law. See ECF 1. Defendants Enhanced Spirits LLC d/b/a Tropical Liqueurs and Billy Thompson (together, "Defendants") answered on January 23, 2026. See ECF 19. The case was reassigned to the undersigned District Judge on February 10, 2026. See ECF 24.

On September 1, 2026, the Court entered its Order Setting Rule 16 Conference, which set the Rule 16 Scheduling Conference for November 2, 2026, at 10:30 a.m. in chambers and directed counsel to file a joint proposed scheduling plan by October 26, 2026. See ECF 27 ¶¶ 1, 3. Counsel met and conferred as directed, and Plaintiff timely filed the parties' Joint Proposed Scheduling Plan on October 26, 2026. See ECF 28. There, Plaintiff informed this Court that the instant application would be forthcoming. Id.

This is Plaintiff's first request to continue the November 2, 2026 conference or to appear remotely. The only prior Rule 16 setting in this case—a March 2, 2026 conference before Magistrate Judge Dueker (ECF 22)—was vacated by the Court following the withdrawal of consent to magistrate judge jurisdiction (ECF 25), not continued at any party's request.

Undersigned counsel, who is Plaintiff's lead counsel and is admitted to this Court *pro hac vice* (ECF 11), practices in New York.

**Counsel's Conflicting New York Matters on November 2, 2026**

On the morning of Monday, November 2, 2026, undersigned counsel is counsel of record in, and is scheduled to appear in, the following matters pending in the courts of the State of New York:

(a) *Itzhakov v. Abdur, et al.*, Index No. 735189/2025 (N.Y. Sup. Ct., Queens Cnty.). Under the rules of the motion part in that action, appearances are mandatory on all motions, and a movant's failure to appear results in the motion being marked off the calendar. The instant appearance will proceed by virtual means.

(b) *JER Auto Repair Inc. v. Tigre Auto Repair Inc.*, Index No. 206921/2022 (N.Y. Sup. Ct., Suffolk Cnty.): **in-person** Pre-Trial Reserve Conference in the Calendar Control Part at 10:00 a.m. Eastern Time (9:00 a.m. Central Time), noticed by the court on October 13, 2026 (NYSCEF Doc. No. 20), at which undersigned counsel, as counsel for Defendant must be prepared to address trial readiness and settlement.

In addition, at 2:00 p.m. Eastern Time (1:00 p.m. Central Time) that afternoon, undersigned counsel is scheduled to participate in a pre-hearing video conference before the New York State Industrial Board of Appeals in *Matter of the Petition of Meir Moshe and M.D.R., Inc. T/A Abraham Roofing*, Docket No. PR 26-114, which was previously adjourned from October 26, 2026 due to a hearing your undersigned was conducting before the United States Merit Systems Protection Board.

Because one of the New York matters described above require undersigned counsel's attendance in New York on the morning of November 2, 2026, counsel cannot also be physically present in chambers in St. Louis at 10:30 a.m. Central Time (11:30 a.m. Eastern Time) that same morning.

Further, because New York state-court motion and conference calendars of this kind frequently run past their noticed start times, there is a meaningful risk that the New York appearances will overlap with the 10:30 a.m. Central Time setting.

Plaintiff is mindful of the Court's requirement that, "[a]bsent truly exceptional circumstances, lead counsel must appear in person for the Rule 16 conference." See Judge's Requirements ¶ 3. Plaintiff therefore primarily requests a brief continuance to a date on which counsel can attend as the Court directs, and seeks a remote appearance only in the alternative, should the Court prefer to proceed on November 2, 2026, in which event your undersigned would be prepared to appear at 11:00 AM Central Time or 12:00 PM Central Time, which is at noon Eastern time and 1:00 PM Eastern time, respectively, when I will be done with the in-person appearance in *JER v. Tigre*.

**Good Cause Exists for the Requested Relief**

A schedule set by the Court "may be modified only for good cause and with the judge's consent." See Fed. R. Civ. P. 16(b)(4). The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716–17 (8th Cir. 2008); see also E.D. Mo. L.R. 1.05.

Good cause exists here. Plaintiff has been diligent: counsel met and conferred with Defendants' counsel and timely filed the Joint Proposed Scheduling Plan in compliance with the Order Setting Rule 16 Conference (ECF 27, 28), and Plaintiff brings this motion promptly and before the conference. The conflicts arise from appearances fixed by other courts and tribunals, not from any lack of diligence. The request is made in good faith and not for purposes of delay.

No party will be prejudiced. The case remains at the scheduling stage, no Case Management Order has yet been entered, see E.D. Mo. L.R. 5.04, and the parties' positions on all

scheduling matters are already set out in their joint plan (ECF 28). A short continuance to another date will not materially delay the progress of this case.

Alternatively, a remote appearance at a slightly later time would allow the conference to proceed on November 2, 2026 without disruption. The Rules contemplate that a scheduling conference may be conducted by remote means. See Fed. R. Civ. P. 16 advisory committee's note to 2015 amendment (a scheduling conference "may be held in person, by telephone, or by more sophisticated electronic means"); see also Fed. R. Civ. P. 1. Undersigned counsel is fully familiar with this matter and will be prepared to discuss all matters set out in the Order Setting Rule 16 Conference and the joint plan, including settlement and the suitability of Alternative Dispute Resolution.

**Proposed Alternative Dates and Times**

Should the Court grant a continuance, undersigned counsel is available on the following dates (all times Central Time), or on any other date convenient to the Court:

(a) Tuesday, November 10, 2026, at any time from 1:00 p.m. to 4:00 p.m.; or

(b) Thursday, November 12, 2026, at 10:30 a.m., or at any time from 12:00 p.m. to 4:00 p.m.

In the alternative, should the Court prefer to hold the conference on November 2, 2026 by telephone or videoconference, undersigned counsel respectfully requests that it be held at 12:00 p.m. Central Time or at any time from 2:00 p.m. to 3:00 p.m. Central Time, as counsel is unavailable from 1:00 p.m. to 2:00 p.m. Central Time because of the Industrial Board of Appeals conference described above.

**Position of Defendants' Counsel**

Undersigned counsel conferred with Defendants' counsel, Seth R. Feldman, Esq., of HeplerBroom LLC, regarding the relief requested in this motion on October 29, 2026 via email. Defendants do not oppose the relief requested herein.

Pursuant to Local Rule 4.01(A), the reasons and authorities in support of this motion are set forth in its body, and a proposed order is submitted herewith.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (i) continuing the Rule 16 Scheduling Conference presently set for November 2, 2026, at 10:30 a.m. Central Time to one of the dates proposed above or another date convenient to the Court; or, in the alternative, (ii) permitting Plaintiff's counsel to appear at the Rule 16 Scheduling Conference by telephone or videoconference, preferably at 12:00 p.m. or between 2:00 p.m. and 3:00 p.m. Central Time on November 2, 2026; and (iii) granting such other and further relief as the Court deems just, equitable, and proper.

Dated: Jamaica, New York
October 29, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
/s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq., 5154588(NY)
Admitted *pro hac vice* (ECF 11)
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Guilherme Kraus and*
*all others similarly situated*